■ SOUTH STREET LIMITED PARTNERSHIP, Respondent, v JADE SEA RESTAURANT, INC., Doing Business as JADE SEA, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (David B. Saxe, J.), entered April 15, 1992, which granted plaintiff's motion for partial summary judgment on its first cause of action for possession of the leased premises, and dismissed defendant's counterclaim and affirmative defenses, unanimously affirmed, with costs.

The plain language of Paragraph 3 of the third amendment to the lease dated March 27, 1991 clearly gave plaintiff the option to terminate the lease in the event defendant's gross sales for the calendar year 1990 did not exceed $2 million. Defendant was also required to timely submit a certified statement of such sales, but failed to do so as its sales fell

below the $2 million figure. Where, as here, the terms of a written agreement are clear and unambiguous, the intent of the parties must be drawn therefrom *(Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 818). Generally, the signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud, duress or other wrongful act *(Columbus Trust Co. v Campolo,* 110 AD2d 616, 617, *affd* 66 NY2d 701). Since defendant's allegations of fraud are not supported by allegations of fact sufficient to satisfy CPLR 3016 (b) *(see, Bramex Assocs. v CBI Agencies,* 149 AD2d 383), its affirmative defenses and counterclaim were properly dismissed, and partial summary judgment in favor of plaintiff on its cause of action to recover the leased premises was properly granted. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.