The court properly exercised its discretion in limiting defense counsel's questioning during voir dire, since counsel are not permitted to question prospective jurors on their attitudes or knowledge of matters of law (CPL 270.15 [1] [c]; *compare, People v Wongshing*, 245 AD2d 120, *lv denied* 91 NY2d 1014, *with People v Porter*, 226 AD2d 275).

Defendant has failed to preserve his challenge to the court's charge on reasonable doubt (*People v Robinson*, 88 NY2d 1001), and we decline to review it in the interest of justice. Were we to review such claim, we would find that, viewed in totality, the charge conveyed the appropriate legal principles (*see, People v Cubino*, 88 NY2d 998). Concur—Ellerin, P. J., Sullivan, Wallach, Lerner and Buckley, JJ.

■ TRI-LAND PROPERTIES, INC., Respondent, v 115 WEST 28TH STREET CORP. et al., Appellants, et al., Defendants. ELEANOR DUBE et al., Appellants, v TRI-LAND PROPERTIES, INC., et al., Respondents. [689 NYS2d 53] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about September 18, 1998, which, in actions between a mortgagor and its principal (herein appellants) and a mortgagee and its principal (herein respondents), consolidated the first captioned action for foreclosure, in which only appellants' severed counterclaims remained outstanding, with the second captioned action for, *inter alia*, fraud and breach of fiduciary duty, and, insofar as appealed from, denied appellants' motion to amend the complaint so as to assert additional causes of action, and granted respondents' motion for summary judgment dismissing the complaint to the extent of dismissing the first, third, fourth, fifth, tenth and eleventh causes of action, unanimously affirmed, without costs.

Appellants' proposed causes of action in action No. 2, which allege, *inter alia*, fraud, breach of fiduciary duty, duress, bad faith and unconscionability in connection with respondents' procuring of a second mortgage from appellants and respondents' purchase of a first mortgage in furtherance of their own interests rather than appellants', were properly rejected as duplicative of claims already pleaded herein, or of claims that were dismissed, or factual allegations that were necessarily rejected, in the first captioned action upon the granting of summary judgment in respondents' favor on their cause of action for foreclosure, as affirmed by this Court (238 AD2d 206, *lv denied* 90 NY2d 934). Nor is there merit to any of the causes of action that were dismissed. The first and fifth, which allege that appellants were induced to borrow money from respondents by fraudulent representations concerning ex-

penses necessary to manage the building, and the tenth, which alleges that respondents negligently failed to evict a "hazardous subtenant", are barred by the finding in the foreclosure action that respondents never actually managed the building. The third cause of action, which challenges respondents' second loan to appellants as unconscionable because made while the individual appellant was in the hospital, is insufficient on its face and otherwise unsupported. The fourth, which attacks the same loan as usurious, is without merit, as no showing is made that the interest rate was in excess of 16% (General Obligations Law § 5-501; Banking Law § 14-a), and, in any event, the documentary evidence demonstrates that the loan was in fact made to the mortgagor, the corporate appellant, and not to its principal, the individual appellant (General Obligations Law § 5-521). The eleventh cause of action, which alleges that respondents purchased the first mortgage under a fiduciary duty owing to appellants, is barred by this Court's findings in the foreclosure action that respondents never promised to act on appellants' behalf and that their acquisition of the first mortgage in order to protect their second mortgage did not constitute bad faith. We have considered appellants' other contentions, including that they are aggrieved by aspects of the order on appeal that "may be interpreted to limit" their causes of action that were sustained, and find them to be either without merit or unreviewable. Concur—Ellerin, P. J., Sullivan, Wallach, Lerner and Buckley, JJ.