◼ ANTHONY PEMPER et al., Respondents, v STANLEY J. REIFER, Appellant. [695 NYS2d 555] —Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered May 5, 1998, which, in an action for repayment of a loan, granted plaintiffs' motion for summary judgment and awarded plaintiffs judgment upon their complaint in the total amount of $220,949.04, and dismissed defendant's counterclaims, unanimously modified, on the law, to deny plaintiffs' motion insofar as it sought summary judgment upon their complaint, and to vacate the aforestated money judgment in plaintiffs' favor, and otherwise affirmed, without costs.

Plaintiffs commenced this action seeking to recover funds they loaned to defendant. In defense, he asserted that recovery was precluded because the interest rate charged for the loan was usurious. Supreme Court, finding that defendant suggested the interest rate, concluded that usury was not a defense to

this action and granted summary judgment in favor of plaintiffs. This was error.

It is well established that where a lender enters into a usurious transaction, the borrower is relieved of all further obligation to pay both principal and interest (General Obligations Law § 5-511 [2]; *Seidel v 18 E. 17th St. Owners,* 79 NY2d 735, 740). Moreover, the fact that the borrower sets the rate of interest does not relieve the lender from a defense of usury (*Matter of Dane,* 55 AD2d 224, 226). While this would seemingly support a finding of summary judgment in favor of defendant even in the absence of a request for such relief, the record indicates that there are issues of fact necessitating a trial.

In this regard, "[a] borrower, who, because of a fiduciary or other like relationship of trust with the lender, is under a duty to speak and who fails to disclose the illegality of the rate of interest he proposes, is estopped from asserting the defense of usury where the lender rightfully relies upon the borrower in making the loan" (*Abramovitz v Kew Realty Equities,* 180 AD2d 568, *lv denied* 80 NY2d 753). Here, according to plaintiffs, defendant stood in a relationship of trust with them since he was a general partner and·they were limited partners in a joint business; defendant, who was experienced in real estate finance, proposed the interest rate for the loan transaction, and, plaintiffs justifiably relied upon defendant to properly arrange the loan. At trial, therefore, plaintiffs may be able to demonstrate that defendant purposely misled them as to the legality of the transaction, and that they justifiably relied upon his representations. We note that on appeal defendant challenges the propriety of Supreme Court's grant of summary judgment in favor of plaintiffs but apparently concedes that there are questions of fact necessitating a trial. Accordingly, we conclude that summary judgment in favor of plaintiffs or defendant is inappropriate.

We do, however, conclude that Supreme Court properly dismissed defendant's counterclaims alleging, *inter alia,* fraud and conversion since there is no indication that defendant ever demanded an accounting (*see, Non-Linear Trading Co. v Braddis Assocs.,* 243 AD2d 107, 115; *Adam v Cutner & Rathkopf,* 238 AD2d 234, 241; *Raymond v Brimberg,* 99 AD2d 988, 989, *appeal dismissed* 64 NY2d 775; *Robert C. Arrants, M.D., P. C. v Robert J. Dell Angelo, M.D., P. C.,* 73 AD2d 633). Concur— Sullivan, J. P., Nardelli, Tom, Saxe and Friedman, JJ.