(July 2, 2002)

■ CLEORA BOROWSKI, Respondent, v ARNOLD FALLEDER, Appellant. [744 NYS2d 177] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about May 29, 2001, which granted plaintiff's motion for summary judgment in lieu of complaint and awarded her the sum of $36,879.83, plus interest and dismissed defendant's cross motion to dismiss on the grounds that the action was time barred or, in the alternative, that the loan in question was usurious, unanimously reversed, on the law, with costs, defendant's cross motion to dismiss on the ground that the loan was usurious granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant, dismissing the complaint.

Plaintiff's action is based on the promissory notes which purported to obligate defendant to repay personal loans at an interest rate of at least 18% per annum. General Obligations Law § 5-501 deems a loan usurious if it exceeds 16% per annum (*see, Tri-Land Props. v 115 W. 28th St. Corp.*, 260 AD2d 295, 296). Usurious loans are void as a matter of law; the borrower is relieved of all further obligations to pay both the principal and interest (General Obligations Law § 5-511 [2]; *see, Pemper v. Reifer*, 264 AD2d 625). A search of the record reveals that the loan was extended by plaintiff to defendant in his personal capacity. The loan check was made out directly to defendant. Recitations which refer to a business owned by defendant or the evidence substantiating corporate uses for the loan do not convert a personal loan into a corporate loan which would render the defense of usury unavailable (*see, Seidel v 18 E. 17th St. Owners*, 79 NY2d 735, 740). Given the undisputed personal obligation created by the loan and the uncontroverted interest rate in excess of that allowed by statute, defendant's cross motion to dismiss should have been granted. Concur—Williams, P.J., Saxe, Buckley, Sullivan and Ellerin, JJ.