(February 20, 2003)

■ CRAIG MASON, Respondent, v DUPONT DIRECT FINANCIAL HOLDINGS, INC., et al., Appellants, et al., Respondents. [756 NYS2d 153] —Order and judgment (one paper), Supreme Court, New York County (Bruce Allen, J.), entered April 12, 2002, which granted the petition in a proceeding brought pursuant to CPLR article 52 to enforce a money judgment and adjudged

that appellants Dupont Direct Financial Holdings, Inc. and Dupont Securities Group, Inc. were each liable for the judgment debt owed to petitioner in the principal amount of $35,710.40 by respondent FAB Securities of America, Inc. and that respondents Bank of New York Clearing Services, LLC and Wexford Clearing Services Corp. turn over to petitioner all funds in the account of appellant Dupont Securities Group, Inc. up to the principal amount, unanimously reversed, on the law and the facts, without costs, the summary determination denied, and the matter remanded for trial pursuant to CPLR 410.

In a separate, earlier proceeding, petitioner sought arbitration against respondent FAB Securities of America, Inc., formerly known as RAS Securities Corp. (FAB), a securities broker-dealer, alleging losses from churning, excessive commissions and unauthorized trading. The arbitration panel awarded petitioner monetary damages, and the Supreme Court, New York County (Michael Stallman, J.), granted petitioner's motion to confirm the award and entered judgment against FAB in the principal amount of $35,710.40.

In July 2001, petitioner commenced this special proceeding pursuant to CPLR article 52 to enforce the money judgment obtained in the earlier arbitration proceeding. The petition alleged, inter alia, that Dupont Direct Financial Holdings, Inc. (Dupont Direct) dominated and controlled FAB to the extent that it was its alter ego and that Dupont Securities Group, Inc. (Dupont Securities) was liable to petitioner as the successor corporation of FAB. In addition, the petition demanded that respondent clearing services turn over to petitioner all funds belonging to Dupont Securities up to the principal amount.

Appellants Dupont Direct and Dupont Securities submitted answering affidavits, and the IAS court summarily granted the petition, apparently pursuant to CPLR 409 (b), which provides for a summary determination in a special proceeding where no triable issues of fact are raised. This rule further provides that the court "may make any orders permitted on a motion for summary judgment."

Based on the pleadings and the parties' written submissions in support of, and in opposition to, the petition, the court rendered a summary determination. Specifically, the court found that within days after FAB ceased doing business, many of its officers and employees were working for Dupont Securities, and they had brought with them several thousand customer accounts which had been serviced by FAB. In addition, the court found that Dupont Securities was owned by Du-

pont Direct. The court concluded that appellants had failed to lay bare their proof, and it summarily granted the petition.* The court held each appellant liable for FAB's judgment debt and directed that the respondent clearing services turn over to petitioner all funds in the account of Dupont Securities up to the principal amount of the judgment debt.

We reverse. It is axiomatic that summary judgment is a drastic remedy and should not be granted where triable issues of fact are raised and cannot be resolved on conflicting affidavits (*see Millerton Agway Coop. v Briarcliff Farms*, 17 NY2d 57, 61; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). The key to summary judgment is " 'issue-finding, rather than issue-determination' " (*Sillman*, 3 NY2d at 404, quoting *Esteve v Abad*, 271 App Div 725, 727; *accord Epstein v Scally*, 99 AD2d 713, 714). Here, the court merely adopted the allegations in the petition without giving due consideration to the details contained in the supporting documentation or to the affidavits submitted in opposition by individuals with personal knowledge of the facts.

For example, appellants, through the opposing affidavit of Dupont Direct's CEO, Dupont Securities' chief financial officer, and FAB's former CEO, raised issues of fact regarding whether Dupont Direct had become the sole owner of FAB. In addition, upon a review of the record, we find the court's conclusion that Dupont Direct withdrew cash from FAB and diverted it to other subsidiaries is based on a conclusory assertion, the source of which is not identified (*see Smith v Johnson Prods. Co.*, 95 AD2d 675). Similarly, petitioner's claim that Dupont Direct and FAB intermingled funds is not supported by competent evidence, as the document relied upon—a complaint in a prior action—is not verified (*see W.W. Norton & Co. v Roslyn Targ Literary Agency*, 81 AD2d 798; *cf.* CPLR 105 [u]). In any event, appellants submitted opposition in competent form that Dupont Direct never had any control over the assets of FAB, thus raising a triable issue of fact on the intermingling of funds allegations.

These examples, which are not exhaustive, illustrate that summary disposition of the claims raised in the petition was inappropriate, as the documentary evidence did not establish petitioner's claims as a matter of law and, further, the affidavits submitted by appellants raise issues of fact by individuals with personal knowledge of these transactions. Accordingly,

---

* Although the court did not specify under which theories appellants were liable, the decision implies that they were liable under theories of alter ego and successor-in-interest.

the Supreme Court erred in summarily granting the petition, and we remand for a trial pursuant to CPLR 410. Concur— Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.