■ PERFORMANCE COMERCIAL IMPORTADORA E EXPORTADORA LTDA, Respondent, v SEWA INTERNATIONAL FASHIONS PVT. LTD. et al., Defendants, and STAR OF INDIA FASHIONS, INC., Appellant. [915 NYS2d 44]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 13, 2010, which denied the motion by defendant Star of India Fashions for partial summary judgment dismissing the third cause of action, unanimously reversed, on the law, with costs, and the cause of action dismissed.

Under the third cause of action, it is alleged that Star of India breached a March 1998 oral agreement to deliver dress samples and swatches to plaintiff, an apparel vendor. Defendant Sewa International Fashions was the manufacturer of the dresses. Star of India, the designer of the dresses, moved for summary judgment on the ground that it was the agent for Sewa, a disclosed principal. Supreme Court denied the motion, finding an issue of fact as to whether the parties intended that Star of India would be bound by the agreement. We reverse.

An agent for a disclosed principal will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his or her personal liability for, or to, that of the principal (*Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]). It is categorically stated in the verified complaint that Star of India was Sewa's agent for purposes

of the contract. Such a statement in a pleading constitutes a formal judicial admission and evidence of the fact admitted (*Bogoni v Friedlander*, 197 AD2d 281, 291-292 [1994], *lv denied* 84 NY2d 803 [1994]). To be sure, plaintiff's president, Daniel Mendes, testified that it was his understanding from the complaint that Star of India was acting on behalf of Sewa. In light of plaintiff's admission, the court erred in finding that an issue of fact was raised by Mendes's testimony that he was not aware of the agency relationship (*see e.g. Karasik v Bird*, 104 AD2d 758 [1984]). For the same reason, we reject plaintiff's argument that a reasonable juror might conclude that Sewa was an undisclosed principal.

Given the standard of "clear and explicit evidence," we further find the parties' correspondence insufficient to raise an issue of fact as to whether Star of India intended to superadd or substitute its own liability for, or to, that of Sewa (*see Savoy Record Co.* at 4). Nothing in the record sets Star of India apart from any agent acting on behalf of a disclosed principal. We nevertheless reject Star of India's argument that plaintiff elected its remedy by obtaining a default judgment against Sewa in a separate action (*see* CPLR 3002 [a]). Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ. **[Prior Case History: 2010 NY Slip Op 30857(U).]**