*468 Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 19, 2012, which, insofar as appealed from, granted the petition to compel respondent Cascade Entertainment Group, LLC to arbitrate, and denied Cascade’s motion to permanently stay arbitration as against it, unanimously reversed, on the law, with costs, the petition denied, Cascade’s motion granted, and the proceeding dismissed as against Cascade.
Cascade signed the “Payment Agreement for Insurance and Risk Management Services” between petitioner and respondent Chukchansi Economic Development Authority (CEDA) solely as the agent of CEDA, a disclosed principal; it did not sign the agreement a second time on its own behalf. There being no other “clear and explicit” evidence that Cascade intended to be bound by the payment agreement, it is not bound by the arbitration provisions contained therein (see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1 [1964]; Salzman Sign Co. v Beck, 10 NY2d 63 [1961]; Performance Comercial Importadora E Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd., 79 AD3d 673 [1st Dept 2010]).
Contrary to petitioner’s argument, Cascade is not bound by the payment agreement based on the agreement’s definition of “You,” which includes “associated organizations that are included as Named Insureds.” Cascade is not “associated” with CEDA, as petitioner contends, by virtue of their agency-principal relationship. Mere contractual agreements do not constitute associations or affiliations (see e.g. Fairfield Dev., Inc. v J.D.I. Contr. & Supply, Inc., 703 F Supp 2d 1211, 1216 [D Colo 2010]; Preston Trucking Co., Inc. v Carolina Cas. Ins. Co., 712 F Supp 1208, 1212 [WD Pa 1989]; In re Marine Sulphur Transp. Corp., 312 F Supp 1081, 1103 [SD NY 1970], affd in part, revd in part on other grounds 460 F2d 89 [2d Cir 1972], cert denied 409 US 982 [1972]). Indeed, the definition of “You” does not embrace mere contractual agreements. The term “associated organizations” is grouped with the terms “predecessor and successor organizations” and “subsidiary [or] affiliated . . . organizations,” which describe formal corporate relationships, and, equally, must be understood to refer to a formal corporate relationship (see e.g. National Football League v Vigilant Ins. Co., 36 AD3d 207, 213-214 [1st Dept 2006]). Concur — Sweeny, J.P, Moskowitz, Abdus-Salaam, Román and Feinman, JJ.