■ DAVID BAKHASH, Respondent, v JONATHAN WINSTON, Appellant. [19 NYS3d 887]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 24, 2014, which, inter alia, granted plaintiff's motion for summary judgment in lieu of complaint,

unanimously reversed, on the law, with costs, and the motion denied.

The subject note is usurious as a matter of law and, therefore is void (*see e.g. Szerdahelyi v Harris*, 67 NY2d 42, 48 [1986]; *Freitas v Geddes Sav. & Loan Assn.*, 63 NY2d 254, 262 [1984]). "The maximum per annum interest rate for a loan . . . is 16% under New York's civil usury statute and 25% under the state's criminal usury statute (*see* General Obligations Law § 5-501 [civil usury]; Penal Law §§ 190.40, 190.42 [criminal])" (*Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc.*, 105 AD3d 178, 182 [1st Dept 2013]).

It is true that the stated rate on the four-month note is 12%. However, it does not say 12% per annum. Where, as here, the loan is for less than a year, the interest rate is annualized (*see e.g. O'Donovan v Galinski*, 62 AD3d 769, 770 [2d Dept 2009]), and thus, the annual rate on the note is 36%, well above the criminal usury rate of 25%. It is also true that the note says, "in no event shall the rate of interest payable hereunder exceed the maximum interest permitted to be charged by applicable law and any interest paid in excess of the permitted rate shall be credited to principal and any balance refunded to" defendant. However, that does not make the subject note nonusurious (*see Simsbury Fund v New St. Louis Assoc.*, 204 AD2d 182 [1st Dept 1994]). Furthermore, even if defendant drafted the note, that "does not relieve the lender from a defense of usury" (*Pemper v Reifer*, 264 AD2d 625, 626 [1st Dept 1999]). Concur— Tom, J.P., Friedman, Saxe and Gische, JJ.