■ DAVID E. RETTER, Respondent, v NEIL ZYSKIND et al., Appellants. [28 NYS3d 302]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 5, 2014, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint in its entirety, unanimously affirmed, with costs.

Given the substantial documentary evidence presented by plaintiff in opposition to defendants' motion, issues of fact preclude a finding that his investments with regard to two nursing homes were loans rather than equity investments (*see generally Mason v Dupont Direct Fin. Holdings*, 302 AD2d 260, 262 [1st Dept 2003]). While plaintiff's statements in his affidavit and at his deposition constitute judicial admissions (*see Performance Comercial Importadora E Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd.*, 79 AD3d 673, 674 [1st Dept 2010]), these statements, and the documentary evidence, do not contradict his theory that he held an interest in joint ventures that were to profit from the revenues of various LLCs set up by defendants.

Plaintiff's claims regarding the Heritage business are not barred by the statute of frauds. Where, as here, plaintiff alleged an oral joint venture agreement to form entities that would, among other things, acquire real property, the agreement is not subject to the statute of frauds (*see Malaty v Malaty*, 95 AD3d 961, 962-963 [2d Dept 2012]; *see also* General Obligations Law § 5-703).

We have considered defendants' remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.