■ YURI MOSHELL et al., Appellants, v DAVID ALTER et al., Respondents. (And Another Action.) [44 NYS3d 548]—

In an action, inter alia, to recover the proceeds of loans, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 30, 2014,

as granted the defendants' motion for summary judgment dismissing the first and third causes of action to the extent of dismissing those causes of action insofar as they were predicated upon allegations that the transactions at issue constituted loans, in effect, denied their cross motion for summary judgment on the first and third causes of action, and, sua sponte, directed the defendants to provide an accounting to the plaintiffs.

Ordered that the appeal from so much of the order as, sua sponte, directed the defendants to provide an accounting to the plaintiffs is dismissed on the ground that the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the first and third causes of action to the extent of dismissing those causes of action insofar as they were predicated upon allegations that the transactions at issue constituted loans, and substituting therefor a provision denying the defendants' motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs seek to recover funds that they provided to the defendants on two occasions. The funds were provided in connection with business opportunities in Florida and South Africa. The plaintiffs contend that they loaned the funds to the defendants and had no stake in the business opportunities. The defendants contend that the plaintiffs provided the funds in pursuit of a joint venture. The parties did not put their understanding in a writing, despite the relatively large sums involved.

After discovery was completed, the defendants moved for summary judgment dismissing the first and third causes of action, and the plaintiffs cross-moved for summary judgment on those causes of action. The Supreme Court granted the defendants' motion to the extent of dismissing the causes of action to the extent that they were predicated upon allegations that the amounts in issue constituted loans. The court held that, as a matter of law, the plaintiffs had provided the funds in furtherance of joint ventures. The court, in effect, denied the plaintiffs' cross motion, and, sua sponte, directed the defendants to provide an accounting as to both the Florida and South Africa "ventures." The plaintiffs appeal.

In support of their motion, the defendants failed to make a prima facie showing that the funds advanced by the plaintiffs

were investments as part of a joint venture, rather than loans. Specifically, the evidence submitted by the defendants was equivocal as to the parties' intent. Accordingly, the defendants' motion should have been denied (*cf. Retter v Zyskind*, 138 AD3d 496, 496 [2016]; *Security Mut. Life Ins. Co. v Member Servs., Inc.*, 46 AD3d 1077, 1078 [2007]; *J.L.B. Equities v Mind Over Money*, 261 AD2d 510, 511 [1999]). Likewise, the plaintiffs failed to meet their prima facie burden on their cross motion, so the cross motion was properly, in effect, denied (*see generally Timberline R & G Bldg. Co. v Sigurjonsson*, 161 AD2d 947, 948 [1990]).

Finally, the defendants' contention that the Supreme Court erred when it, sua sponte, directed them to provide an accounting is not properly before us, as the defendants have not taken an appeal (*see Broser v Dworman*, 78 AD3d 979, 980 [2010]). Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.