Murlar Equities Partnership v Jiminez (2018 NY Slip Op 03625)





Murlar Equities Partnership v Jiminez


2018 NY Slip Op 03625


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6593 17611/06

[*1]Murlar Equities Partnership, Plaintiff-Respondent-Appellant,
v
Franklin Jiminez, Defendant-Appellant-Respondent, NYC Environmental Control Board, et al., Defendants.


Anderson Shen, P.C., Kew Gardens (Mark Anderson of counsel), for appellant-respondent.
Zisholtz & Zisholtz, LLP, Mineola (Meng M. Cheng of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about October 17, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff renewal, and upon renewal, vacated a prior decision, dated on or about September 7, 2016, granting defendant Franklin Jiminez, inter alia, vacatur of a judgment of foreclosure and summary judgment dismissal of the complaint, and remanded the matter to the referee for a recomputation of the amount due under the note and mortgage at the legally permissible rate, unanimously reversed, on the law, with costs, plaintiff's motion denied, and the matter remanded for entry of a final order of dismissal.
Plaintiff's motion should have been denied, since the new evidence that plaintiff submitted in support of renewal, a loan document purporting to reduce the interest rate to the legal rate in the event of a finding of usury, would not change the prior determination that the loan was criminally usurious (see Bakhash v Winston, 134 AD3d 468 [1st Dept 2015]; CPLR 2221[e][2]). In any event, plaintiff did not assert additional material facts that existed at the time of the original motion but were unknown to it, and failed to demonstrate a reasonable excuse for not presenting such evidence earlier (CPLR 2221[e][3]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK