Crossbeat N.Y., LLC v LIIRN, LLC (2019 NY Slip Op 01378)





Crossbeat N.Y., LLC v LIIRN, LLC


2019 NY Slip Op 01378


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8538N 652622/17

[*1] Crossbeat New York, LLC, Plaintiff-Appellant,
v
LIIRN, LLC, Defendant-Respondent.


Guzov, LLC, New York (Anne W. Salisbury of counsel), for appellant.
Anderson Kill P.C., New York (Christopher Paolino of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 5, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for leave to amend the complaint to add a cause of action for fraudulent inducement against defendant's CEO, George Swisher, in his individual capacity, unanimously affirmed, without costs.
"A request for leave to amend a complaint should be freely given, and denied only if there is prejudice or surprise resulting directly from the delay, or if the proposed amendment is palpably improper or insufficient as a matter of law" (CIFG Assur. N. Am., Inc. v J.P. Morgan Sec. LLC, 146 AD3d 60, 64-65 [1st Dept 2016] [internal quotation marks omitted]; CPLR 3025[b]). Here, plaintiff's proposed cause of action for fraudulent inducement against Swisher is duplicative of the breach of contract cause of action asserted against the corporate defendant. Swisher's alleged promises that defendant would perform under the parties' agreements do not convert the alleged breach of contract into a tort (Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]; Cole, Schotz, Meisel, Forman & Leonard, P.A. v Brown, 109 AD3d 764 [1st Dept 2013]).
Furthermore, the allegations do not support personal liability against Swisher as a matter of law for actions he took in his capacity as an officer of the corporate defendant (Performance Comercial Importadora E Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd., 79 AD3d 673 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK