*American E Group LLC v. LiveWire Ergogenics Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-two.

PRESENT:  JON O. NEWMAN,
JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
*Circuit Judges.*

---

AMERICAN E GROUP LLC,

> *Plaintiff-Third-Party-Defendant-*
> *Counter-Defendant-Appellant,*

v.

LIVEWIRE ERGOGENICS INC.,

> *Defendant-Third-Party-Plaintiff-*
> *Counter-Claimant-Appellee,*

CEO BILL HODSON,

> *Defendant-Appellee,*

JS BARKATS PLLC, ELANA HIRSCH, AKA Elana
Michelle Hirsch, AKA Elana Barkats, SUNNY JOSEPH
BARKATS, AKA Sanny Joseph Barkats,

> *Third-Party-Defendants.*

21-1891-cv

---

1

**FOR PLAINTIFF-THIRD-PARTY-
DEFENDANT-COUNTER-
DEFENDANT-APPELLANT:**         IRA M. THOMAS, McDonnell, Adels &
Klestzick PLLC, Garden City, NY.


**FOR DEFENDANT-THIRD-PARTY-
PLAINTIFF-COUNTER-CLAIMANT-
APPELLEE and DEFENDANT-
APPELLEE:**         KARI PARKS, Gusrae Kaplan Nusbaum
PLLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).[1]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

American E Group LLC ("AEG") seeks to enforce a promissory note (the "Note") executed by LiveWire Ergogenics Inc. ("LiveWire"). In exchange for a $30,000 six-month loan, the Note obligated LiveWire to pay AEG 20% interest and, "as additional consideration for th[e] Note," to give AEG "restricted shares of [LiveWire] equal to US$50,000.00." App'x 51. The District Court dismissed AEG's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that the Note was criminally usurious and void under New York law because it charged greater than 25% interest. *See* N.Y. Penal Law § 190.40. AEG appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the District Court's holdings on a motion to dismiss *de novo*, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010).

The District Court properly concluded that the Note is unambiguous. First, LiveWire clearly provided the restricted shares "as additional consideration for th[e] Note." App'x 51. Second, according to the Note, these restricted shares were explicitly valued at $50,000. This degree of clarity was not present in the cases AEG cites, where the contracts provided as consideration a

---

[1] The text of AEG's Notice of Appeal refers to the District Court's January 29, 2020 judgment. No such judgment exists and, when AEG filed its Notice of Appeal, it electronically designated for appeal the District Court's July 12, 2021 judgment. We thus infer that AEG intends to appeal the District Court's July 12, 2021 judgment. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account.").

specified quantity of shares or other entitlement of uncertain value. *See, e.g.*, *Sabella v. Scantek Med., Inc.*, No. 08-CV-453, 2009 WL 3233703, at *2, *20 (S.D.N.Y. Sept. 25, 2009).

Where, as here, a written agreement is "complete and clear and unambiguous upon its face," "extrinsic and parol evidence is not admissible to create an ambiguity." *W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 163 (1990) (citation omitted). The District Court thus properly disregarded AEG's evidence valuing the shares at $401, and rejected as futile AEG's request to amend its complaint to allege facts regarding the parties' negotiations over the restricted shares. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim . . . .").

In light of the clear meaning of the contract, the District Court properly held that the Note is usurious. Under New York law—which is applicable here—where "the object of the parties is a loan of money . . . any consideration paid or secured to the [lender] . . . will in general be considered as interest." *Adar Bays, LLC v. GeneSYS ID, Inc.*, 37 N.Y.3d 320, 337 (2021) (citation omitted). The cases that AEG cites—suggesting that such additional consideration may sometimes be a permissible "bonus"—apply Connecticut law and are therefore inapplicable. *See, e.g.*, *Cohen v. Mansi*, 154 A. 160, 161 (Conn. 1931). While the Note recites a 20% interest rate, because the $50,000 in restricted shares also counts as interest, LiveWire's total annual interest rate on the principal of $30,000 far exceeds the 25% threshold for criminal usury. *See* N.Y. Penal Law § 190.40. And Section 5 of the Note, which purports to cap the interest rate at 20%, does not save the Note from being usurious. *See Bakhash v. Winston*, 19 N.Y.S.3d 887 (Mem) (1st Dep't 2015) (declining to give effect to an interest capping provision in a promissory note because under New York law usury-savings clauses do not save an otherwise usurious note (citing *Simsbury Fund, Inc. v. New St. Louis Assocs.*, 611 N.Y.S.2d 557, 558 (1st Dep't 1994)). As a result, the Note is void. *See Adar Bays*, 37 N.Y.3d at 326.

We have reviewed all of the remaining arguments raised by AEG on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 12, 2021, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court