Kuriyan v Schreiber (2022 NY Slip Op 05499)

Kuriyan v Schreiber

2022 NY Slip Op 05499

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 65593/19 Appeal No. 16328 Case No. 2021-03590 

[*1]Vikram Kuriyan, Plaintiff-Respondent,
v
Joel Schreiber, et al., Defendants-Appellants.

Moses & Singer LLP, New York (Eliad S. Shapiro of counsel), for appellants.
The Law Offices of Neal Brickman, P.C., New York (Jason A. Stewart of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about September 15, 2021, which, to the extent appealed from, denied defendants' motion to dismiss the causes of action for breach of contract, unjust enrichment, quantum meruit, and an equitable lien, unanimously reversed, on the law, without costs, the motion granted as to the aforesaid causes of action, and the verified complaint dismissed in its entirety. The Clerk is directed to enter judgment accordingly.
As pleaded in the verified complaint (see Performance Comercial Importadora e Exportadora Ltda v Sewa Intl. Fashions Pvt. Ltd., 79 AD3d 673, 674 [1st Dept 2010] [a statement in a verified pleading "constitutes a formal judicial admission"]), the five loans to defendants for which plaintiff seeks to recover in this action were, on their face, criminally usurious and, as such, void and unenforceable (see General Obligations Law §§ 5-511, 5-521[3]; Szerdahelyi v Harris, 67 NY2d 42, 47-48 [1986]; Blue Wolf Capital Fund II, LP v American Stevedoring, Inc., 105 AD3d 178, 184 [1st Dept 2013]). Further, the verified complaint fails, as a matter of law, to allege facts that, if true, could support a finding of a special relationship of trust and confidence between the parties estopping defendants from raising criminal usury as a defense. Plaintiff—a highly educated and sophisticated financier and investment professional, who holds a finance-related doctorate from Harvard University and has previously headed a unit at Bank of America that managed over $30 billion in assets—does not allege that defendant Schreiber's knowledge and expertise in finance is in any way superior to that of plaintiff himself, nor does plaintiff allege that he relied upon any representation by Schreiber concerning the legality of the interest rates on the loans, or that Schreiber even made any such representation. While plaintiff averred in opposition to the motion to dismiss that Schreiber proposed the terms of the loans (contradicting the verified complaint's allegations that the terms were negotiated between plaintiff and Schreiber), it is well established that, "even if defendant drafted the note, that does not relieve the lender from a defense of usury" (Bakhash v Winston, 134 AD3d 468, 469 [1st Dept 2015] [internal quotation marks omitted], quoting Pemper v Reifer, 264 AD2d 625, 626 [1st Dept 1999]).
That plaintiff allegedly considered Schreiber a personal friend, and had a longstanding professional relationship with him, does not, standing alone, suffice to allege a special relationship of trust and confidence for these purposes (cf. Benzies v Take-Two Interactive Software, Inc., 159 AD3d 629, 630-631 [1st Dept 2018] [no claim for breach of fiduciary was stated where the complaint alleged "only arm's length business transactions and no special circumstances that might give rise to a fiduciary relationship," and evidence of "a close friendship . . . (was) not sufficient to establish the necessary [*2]requirement of trust and confidence"]).
In sum, the motion court's correct conclusion, in dismissing the claim for breach of fiduciary duty (from which plaintiff has not appealed), that "the complaint describes an arm's length commercial transaction . . . that lack[s] the required level of trust or confidence to give rise to a fiduciary obligation," should have led the court also to reject plaintiff's argument that defendants are estopped to assert the affirmative defense of usury. As previously noted, that defense, in the absence of grounds for application of the doctrine of estoppel, is dispositive, as a matter of law, based on the allegations of the verified complaint itself. Accordingly, the causes of action at issue on this appeal should have been dismissed.
As plaintiff has not appealed from the order under review insofar as it dismissed his remaining claims, the complaint should be dismissed in its entirety.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022