27-21 27th St. Sponsors, LLC v Kanta (2026 NY Slip Op 01273)

27-21 27th St. Sponsors, LLC v Kanta

2026 NY Slip Op 01273

Decided on March 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026

Before: Moulton, J.P., Pitt-Burke, O'Neill Levy, Michael, Chan, JJ. 

Index No. 652475/23|Appeal No. 6003|Case No. 2024-06495|

[*1]27-21 27th Street Sponsors, LLC, Plaintiff-Appellant,
vJanos Kanta, et al., Defendants-Respondents. 

Law Office of Alexander Sakin, LLC, New York (Alexander Sakin of counsel), for appellant.
Law Office of David Sorokoff LLC, New York (David Sorokoff of counsel), for Kenneth Tolley, respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about September 17, 2024, which granted defendant Kenneth Tolley's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss against him plaintiff's first cause of action for a declaratory judgment declaring plaintiff to be a member of defendant KST2 Properties LLC, its fourth cause of action for breach of the operating agreement, its sixth cause of action for breach of Tolley's guarantee, and its eleventh cause of action for unjust enrichment, unanimously affirmed, with costs.
The motion court properly dismissed the first and fourth claims for declaratory relief and breach of the operating agreement against Tolley individually. First, Tolley was not properly named in the cause of action for a declaration that plaintiff is a member of KST2 because "[a] member of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's right against or liability to the limited liability company" (see Limited Liability Company Law § 610). Tolley's ability to provide evidence supporting the claim does not justify making him a defendant with respect to that particular claim, since plaintiff can still obtain discovery from him regardless of that status.
Plaintiff's attempt to hold Tolley personally liable for KST2's acts is unavailing because "[n]either a member of a limited liability company, a manager of a limited liability company managed by a manager or managers nor an agent of a limited liability company . . . is liable for any debts, obligations or liabilities of the limited liability company or each other" (Limited Liability Company Law § 609[a]). Moreover, nothing in the operating agreement suggests that Tolley intended to be personally liable for KST2's acts. As the motion court correctly found, section 2.1 of KST2's operating agreement expressly disclaims the liability of members "for any debt, losses or obligations" of KST2, consistent with Limited Liability Company Law § 609(a), except to the extent of their individual capital contribution. This language negates any inference of liability arising from Tolley's having signed the operating agreement in his individual capacity for anything other than a claim related to his capital contribution, warranting dismissal of the fourth cause of action as against him.
The motion court properly found that because the promissory note was civilly and criminally usurious on its face, it, and by extension Tolley's guarantee, were void ab initio (see Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc., 105 AD3d 178, 183 [1st Dept 2013]). Although corporations and their guarantors may not raise the defense of civil usury, that prohibition does not apply to criminal usury (see General Obligations Law § 5-521[1], [3]). Plaintiff's convertible promissory note in the principal amount of $850,000 states that it accrues interest over the one-year term at "the highest rate permissible by law per annum, accruing monthly in a separate capital account created by the Lender, and payable during the term in a maximum capped payment of . . . $306,000.00," whether styled as "a partial loan, debt, equity, interest, Convertible Promissory Note or otherwise. . .". The note further provides that plaintiff may convert any portion of the outstanding principal on the note to a preferred equity investment upon notice to KST2.
The court correctly determined that the $306,000 maximum return reflected an interest rate of 36%, well above the civil and criminal usury rates of 16% and 25%, respectively (General Obligations Law § 5-501[2]; Banking Law § 14-a[1]; Penal Law § 190.40). Based on the language in the note, the court properly rejected plaintiff's contention that the note was enforceable because the $306,000 was intended to be a return on a preferred equity investment rather than interest, as the conversion to an equity interest would not preclude the application of the usury laws (see Adar Bays, LLC v GeneSYS ID, Inc., 37 NY3d 320, 337 [2021]). The court also properly found that a usurious interest rate cannot be salvaged by language providing that the intent is to collect the highest legal maximum interest rate (see Bakhash v Winston, 134 AD3d 468, 469 [1st Dept 2015]). Because an instrument seeking a criminally usurious interest rate is void, the guarantee is, too (Blue Wolf Capital Fund, 105 AD3d at 184).
Although plaintiff urges that it was KST2's managing member and personnel who drafted the note, a note with a usurious interest rate is void, irrespective of which party drafted it (see Bakhash, 134 AD3d at 469). This Court has recognized a limited exception to this rule where "[a] borrower, who, because of a fiduciary or other like relationship of trust with the lender, is under a duty to speak and . . . fails to disclose the illegality of the rate of interest he proposes" (Pemper v Reifer, 264 AD2d 625, 626 [1st Dept 1999]). However, plaintiff has failed to plead facts sufficient for this exception to apply, as the usurious note was not signed by Tolley, and there are no allegations that he participated in its drafting or proposed the interest rate (id.).
Finally, the motion court properly dismissed the unjust enrichment claim as precluded by the parties' written agreements (see e.g. Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 388 [1987]). While plaintiff maintains it should be permitted to plead unjust enrichment in the alternative, this Court has found that an equitable claim is not available to resuscitate an agreement found to be void based on criminal usury (see Blue Wolf Capital, 105 AD3d at 184; see also Sorenson v Winston & Strawn, LLP, 162 AD3d 593, 593 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2026