■ LOFT RESTAURANT ASSOCIATES, LTD., Appellant, v PATRICK J. McDONAGH et al., Respondents. [619 NYS2d 57] —In an action for specific performance of an alleged agreement to divide the proceeds from a sale of real property and to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated April 30, 1993, which granted the defendants' motion for summary judgment dismissing the first and third causes of action.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action, *inter alia,* to recover damages from its alleged wrongful eviction from certain leasehold premises and to enforce an alleged agreement executed by the defendant Patrick J. McDonagh. The Supreme Court dismissed all five causes of action set forth in the complaint. On the ensuing appeal, this Court upheld the dismissal of three causes of action related to the wrongful eviction claim, but reinstated the two causes of action premised on the purported agreement on procedural grounds *(see, Loft Rest. Assocs. v McDonagh,* 187 AD2d 643). The defendants subsequently made a formal motion for summary judgment dismiss-

ing the remaining two causes of action, and the Supreme Court granted the motion. We affirm.

Contrary to the plaintiff's contentions, the Supreme Court acted properly in awarding summary judgment in favor of the defendants. The record before us, including the deposition testimony of the plaintiff's own former counsel, unequivocally demonstrates that the memorandum executed by the defendant McDonagh constituted nothing more than a gratuitous and legally unenforceable promise which was unsupported by valid consideration. The plaintiff's claim that, pursuant to the General Obligations Law, the document did not have to be supported by consideration in order to be legally binding on McDonagh is devoid of merit. The language of the memorandum cannot rationally be interpreted as effecting a modification of a prior lease agreement between the plaintiff and the defendant 9103 Third Avenue Realty Corp. (see, General Obligations Law § 5-1103; see generally, Beacon Term. Corp. v Chemprene, Inc., 75 AD2d 350), nor can the document reasonably be construed as an assignment (see, General Obligations Law § 5-1107).

Moreover, we find unpersuasive the plaintiff's contention that the memorandum was supported by consideration in the form of the plaintiff's forbearance of its alleged right to exercise an option to purchase the subject premises. The record establishes that the plaintiff was in default on its rent and had already breached its lease at the time McDonagh executed the memorandum; hence, the plaintiff no longer had any right to exercise the option. Furthermore, the plaintiff's contention is refuted by its own actions, inasmuch as it unsuccessfully attempted to exercise the option several months after McDonagh executed the memorandum and therefore clearly did not engage in any so-called forbearance in return for McDonagh's promise. In addition, the plaintiff's alleged agent candidly conceded in his deposition testimony that he never gave McDonagh anything of value in exchange for McDonagh's promise. Accordingly, that promise was wholly unsupported by consideration and legally unenforceable.

In any event, even if the document constituted an otherwise legally valid contract, McDonagh's alleged obligations thereunder were never triggered because an essential condition precedent (i.e., the sale of the premises) never occurred. In this regard, the plaintiff has failed to raise a triable issue of fact with respect to its conclusory claim that McDonagh

somehow dissuaded potential purchasers from buying the property. Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.