■ EXETER HOLDING, LTD., Respondent, v STARLING DEVELOPMENT CORP. et al., Appellants, et al., Defendants. [724 NYS2d 896] —In an action to foreclose a consolidated mortgage, the defendants Starling Development Corp. and John Fetkovich appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated January 24, 2000, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and, in effect, for summary judgment on the issue of liability on their counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, they failed to establish by clear and convincing evidence usurious intent on the part of the lender, Exeter Holding, Ltd. (hereinafter Exeter) *(see, Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 261-262). Moreover, even if the subject loan had been conditioned on payment of an outstanding debt owed to Exeter, usury was not established. Payment for a past debt from the proceeds of the loan cannot be considered additional compensation to Exeter and cannot be added to the legal rate of interest to render the whole transaction usurious *(see, Clarke v Sheehan,* 47 NY 188, 193-195; *Equitable Life Assur. Socy. v Kerpel,* 38 Misc 2d 856). Accordingly, the appellants' motion for summary judgment was properly denied *(see, North Fork Bank & Trust Co. v Bernstein & Gershman,* 201 AD2d 472). Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.