■ OLEG ZHAVORONKIN et al., Respondents, v OLEG KOUTMINE, Appellant, et al., Defendants. [860 NYS2d 561]—In an action,

inter alia, to recover damages for breach of contract, the defendant Oleg Koutmine appeals, as limited by his brief, from (1) so much of an interlocutory judgment of the Supreme Court, Rockland County (Friedman, J.H.O.), dated August 28, 2006, as, after a nonjury trial, is in favor of the plaintiffs and against him on the fifth cause of action in the principal sum of $80,000, and determined that he was liable on the fourth cause of action for any sums awarded against the defendants Jon Ginsburg and Nasha Construction Corp. on the first cause of action, (2) so much of a judgment of the same court dated April 2, 2007, as is in favor of the plaintiffs and against him in the principal sum of $60,000 on the fourth cause of action.

Ordered that the appeal from so much of the interlocutory judgment as determined that the defendant Oleg Koutmine was liable on the fourth cause of action for any sums awarded against the defendants Jon Ginsburg and Nasha Construction Corp. on the first cause of action is dismissed, as that portion of the interlocutory judgment was superseded by the judgment dated April 2, 2007; and it is further,

Ordered that the interlocutory judgment is affirmed insofar as reviewed; and it is further,

Ordered the final judgment dated April 2, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court properly determined that the plaintiff Oleg Zhavoronkin loaned $80,000 to the defendant Polarus Agency, Inc. (hereinafter Polarus), to purchase a certain parcel of real property, at the direction of the defendant Oleg Koutmine (hereinafter the defendant). Further, the Supreme Court properly determined that the loan was not usurious (see General Obligations Law § 5-501 [1], [2]; Banking Law § 14-a [1]). There is a strong presumption against a finding of usury, and, at trial, the defendant was required to establish usury by clear and convincing evidence (see Mahler v Bernsley, 265 AD2d 531 [1999]). Here, the defendant did not meet this burden (id.) There is ample evidence in the record to support the Supreme Court's determination that the defendant was liable for the $80,000 loan that Zhavoronkin made to Polarus.

Contrary to the defendant's contention, the Supreme Court also properly determined that the defendant was liable on the fourth cause of action for any sums awarded against the defendants Jon Ginsburg and Nasha Construction Corp. on the first cause of action.

The defendant's remaining contention is without merit. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.