(February 24, 2009)

■ FEREYDOON ABIR et al., Appellants-Respondents, v MALKY, INC., Respondent-Appellant, et al., Defendants. [873 NYS2d 350]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), entered September 12, 2007, as, upon an order of the same court entered August 15, 2007, which, upon reargument, among other things, adhered to a determination in an order entered May 10, 2007, denying those branches of their cross motion which were for summary judgment declaring that a certain judgment of foreclosure and sale entered August 10, 2000 is null and void and, in effect, to permanently enjoin the defendant Malky, Inc., from enforcing the judgment of foreclosure and sale, is in favor of that defendant and against them terminating the stays of enforcement of the judgment of foreclosure and sale set forth in orders of the same court dated June 24, 2004 and February 1, 2006, respectively, and the defendant Malky, Inc., cross-appeals, as limited by its brief, from so much of the same judgment as, upon that portion of the order entered August 15, 2007, which, upon reargument, granted that branch of the plaintiffs' motion which was for summary judgment declaring that a loan agreement executed by them on December 18, 2001 is usurious, void, and unenforceable, declared that the loan agreement is usurious, void, and unenforceable, fixed the rate of interest at which it could recover under the judgment of foreclosure and sale at 3.5% per annum, and awarded it interest at that rate only from December 18, 2001.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, by deleting the provisions thereof fixing the rate of interest at which the defendant Malky,

Inc., could recover under the judgment of foreclosure and sale entered August 10, 2000 at 3.5% per annum, and awarding it interest at that rate from December 18, 2001 and substituting therefor provisions fixing the rate of interest at which the defendant Malky, Inc., could recover under the judgment of foreclosure and sale at 9% per annum, and awarding interest at that rate from August 10, 2000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 1995 the plaintiffs Fereydoon Abir and Flora Abir (hereinafter together the Abirs) stopped repaying the mortgage loan referable to their home. Their mortgagee Bank of America (hereinafter the Bank) sought, and in 2000 obtained, a judgment of foreclosure and sale against them, which included a deficiency judgment in the approximate sum of $2,100,000. Subsequently, the Abirs negotiated a settlement in which the Bank agreed, inter alia, to accept the sum of $1,300,000 from the Abirs, or their designee, in full satisfaction of the judgment. The Abirs then sought a bridge loan from Hamerkaz, a not-for-profit entity, in the principal sum of $1,300,000, and thereafter attempted to secure a conventional loan. However, after entering into a contract with the plaintiffs, Hamerkaz was unable to provide the necessary funding and, sometime in mid December 2001 the plaintiffs received notice that the Bank had scheduled a foreclosure sale of their home for December 18, 2001. The Abirs then contacted the defendant Malky, Inc. (hereinafter Malky), which agreed to provide them with the necessary funds for the bridge loan.

On December 18, 2001 Malky entered into an agreement with the Abirs (hereinafter the Abir/Malky agreement) which, inter alia, provided that the Abirs had 8 to 10 months to repay the debt, at an annual interest rate, including assorted charges, that ranged from 25.6% to 28.5%. The Abir/Malky agreement also provided that if the Abirs did not repay this obligation at the end of that 10-month period, Malky would have the right to enforce the judgment of foreclosure and sale, and take possession of the Abirs' house. The Abirs entered into the Abir/Malky agreement despite the fact that the Bank had yet to sell the judgment of foreclosure and sale to Malky since the Abirs understood that the sale of the judgment of foreclosure and sale was imminent. Moreover, the Abirs never designated Malky as their agent for the purpose of repaying their obligation to the Bank.

The next day, December 19, 2001, Malky entered into an agreement with the Bank (hereinafter the Malky/Bank agree-

ment), pursuant to which it paid the Bank the sum of $1,300,000 for the purchase of the judgment of foreclosure and sale (*see Sprung v Jaffe*, 3 NY2d 539, 544 [1957]), and, on January 9, 2002 obtained the right, inter alia, to enforce the judgment of foreclosure and sale. Since this payment was made by Malky for its own benefit, and not on behalf of the Abirs, the deficiency provision of the judgment of foreclosure and sale remained unsatisfied.

After unsuccessfully attempting to obtain a new conventional mortgage loan, the Abirs failed to repay Malky pursuant to the Abir/Malky agreement and, after Malky informed the plaintiffs that it would enforce the judgment of foreclosure and sale, the Abirs commenced this action, inter alia, to recover damages for legal malpractice against, among others, the defendants Michael J. Taubenblat, Richard Kaplin, and Diconza, LaRocca, DiCunto, Kaplin, LLP, the attorneys who had overseen the transactions. The Abirs also asserted causes of action sounding in fraud and breach of fiduciary duty against Malky. After extensive motion practice, the Abirs discontinued their causes of action against all of the defendants except Malky and Taubenblat, who each moved for summary judgment dismissing the complaint insofar as asserted against them. The Abirs cross-moved for summary judgment, contending, inter alia, that the Abir/Malky agreement was void as a usurious loan, and that the judgment of foreclosure and sale also was void since it served as collateral for the Abir/Malky agreement.

In an order entered May 10, 2007 the Supreme Court, viewing the Abir/Malky and Malky/Bank agreements as a single transaction, determined that the transaction was void and unenforceable as a usurious loan. The Supreme Court also determined that the judgment of foreclosure and sale was not usurious, and was thus valid and enforceable, but only to the extent that Malky could recover the difference between the balance due on the Abirs' bank loan as of December 18, 2001 and the amount Malky paid to the Bank pursuant to the Malky/ Bank agreement, plus statutory interest and costs. Malky moved, and the plaintiffs cross-moved, for leave to reargue.

In an order entered August 15, 2007 the Supreme Court granted the parties' respective motion and cross motion for leave to reargue, and, upon reargument, modified its previous order by determining, inter alia, that Malky could execute and recover on the judgment of foreclosure and sale. The Supreme Court awarded Malky interest at the rate of 3.5% per annum on the principal amount of the deficiency provision of the judgment of foreclosure and sale, accruing from the date of the Abir/

Malky agreement, December 18, 2001. The order entered August 15, 2007 was reduced to a final judgment entered September 12, 2007 from which the Abirs appeal and Malky cross-appeals.

While at trial, a plaintiff has the burden of establishing usury by clear and convincing evidence, in the context of a summary judgment motion, the burden is on a defendant to establish, prima facie, that the transaction was not usurious (*see Ujueta v Euro-Quest Corp.*, 29 AD3d 895 [2006]). "When determining whether a transaction constitutes a usurious loan it must be 'considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it' " (*id.* at 895, quoting *Lester v Levick*, 50 AD2d 860, 862-863 [1975] [Christ, J., dissenting], *revd on dissenting op* 41 NY2d 940 [1977]). Whether a transaction constitutes a cover for usury is a question of fact (*see Ujueta v Euro-Quest Corp.*, 29 AD3d at 895). "[I]t must appear that the real purpose of the transaction was, on the one side, to lend money at usurious interest reserved in some form by the contract and, on the other side, to borrow upon the usurious terms" (*Donatelli v Siskind*, 170 AD2d 433, 434 [1991]). A transaction is usurious under civil law when it imposes an annual interest rate exceeding 16% (*see* General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]), and is usurious under criminal law when it imposes an annual interest rate exceeding 25% (*see* Penal Law §§ 190.40, 190.42). A usurious contract is void and relieves the plaintiff of the obligation to repay principal and interest thereon (*see* General Obligations Law § 5-511; *Seidel v 18 E. 17th St. Owners*, 79 NY2d 735 [1992]; *Stanley Weisz, P.C. Retirement Plan v NCHD Assoc.*, 237 AD2d 276 [1997]).

Malky failed to meet its burden in this regard. Preliminarily, the record demonstrates that the various agreements constituted a loan, as their principal purpose was to provide the Abirs with interim relief from foreclosure by substituting high-interest, short-term debt for the bank loan (*see Del Rubio v Duchesne*, 284 App Div 89, 92 [1954]). The record also demonstrates that the Abir/Malky agreement was usurious, as the annual interest rate imposed therein was in excess of 25% (*see* General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]; Penal Law §§ 190.40, 190.42), and thus void and unenforceable (*see* General Obligations Law § 5-511; *Stanley Weisz, P.C. Retirement Plan v NCHD Assoc.*, 237 AD2d at 276). However, the judgment of foreclosure and sale flowed solely from the Abirs' default on the nonusurious antecedent bank loan, and therefore was enforceable (*see Eikenberry v Adirondack Spring Water Co.*, 65 NY2d 125, 129-130 [1985]; *Stein v Nellen Dev. Corp.*, 65 AD2d 789 [1978]; *Gross v Lichtman*, 55 AD2d 670 [1976]).

As to the annual interest rate that Malky is entitled to recover under the judgment of foreclosure and sale, on this record, the Supreme Court improvidently exercised its discretion in departing from the statutory interest rate of 9% per annum, which is a rate that is presumed to be reasonable (*see* CPLR 5004; *Denio v State of New York*, 7 NY3d 159, 167 [2006]). The Supreme Court also erred in fixing December 18, 2001, which is the date of the Abir/Malky agreement, as the initial date of accrual of interest on the judgment of foreclosure and sale. Since Malky, upon purchasing the judgment, stepped into the shoes of the Bank, the proper accrual date is August 10, 2000, the date of entry of the judgment of foreclosure and sale (*see* CPLR 5002, 5003).

The parties' remaining contentions are without merit. Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.