■ Joseph Venables, Appellant, v Philip J. Sagona et al., Respondents. [925 NYS2d 578]—

In an action, inter alia, to recover on a promissory note and to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated April 19, 2010, as granted those branches of the defendants' motion which were for summary judgment dismissing the first, third, fourth, and fifth causes of action in the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged, inter alia, that the defendant Philip J. Sagona induced him to loan $160,000 to Sagona's company, the defendant Blackwood, Ltd. (hereinafter Blackwood) for the purpose of investing those funds in a bond trading program. Blackwood, through its president Sagona, executed a "demand note," promising to repay the principal sum of $160,000, plus interest in the amount of $2,400,000, one year from the date of the note. When the note matured, and after Sagona allegedly made repeated unfulfilled promises to repay the loan, the plaintiff commenced this action. The plaintiff also sought to recover funds he lost in a separate investment with a nonparty business venture based upon Sagona's alleged facilitation of that investment and Blackwood's subsequent promise to make the plaintiff whole for his loss.

After filing a premature motion for summary judgment on the prediscovery record (*see Venables v Sagona*, 46 AD3d 672, 673 [2007]), the defendants again moved, upon the completion of discovery, for summary judgment dismissing the amended complaint. In the order appealed from, the Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the first, third, fourth, and fifth causes of action, and otherwise denied the motion. We affirm the order insofar as appealed from.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action seeking recovery of principal and interest payments pursuant to the demand note on the ground that the subject transaction was void and unenforceable. "A transaction is usurious under civil law when it imposes an annual interest rate exceeding 16%, and is usurious under criminal law when it imposes an annual interest rate exceeding 25%" (*Abir v Malky, Inc.*, 59 AD3d 646, 649 [2009] [citations omitted]). A usurious contract is void and relieves the borrower of the obligation to repay principal and interest thereon (*id.*). Here, the demand note at issue expressly called for repayment of the principal sum together "with interest" at a rate far in excess of 25%.

In opposition, the plaintiff failed to raise a triable issue of fact in support of his allegation that the subject transaction, as evidenced by the demand note, was not a loan agreement but a business investment in a bond trading program not subject to the usury laws (*see Seidel v 18 E. 17th St. Owners*, 79 NY2d 735, 744 [1992]). In addition, the plaintiff did not raise a triable issue of fact as to whether the defendants should be estopped from asserting the usury defense. Contrary to the plaintiff's contention, the evidence failed to raise a triable issue of fact as to whether the defendants took advantage of, or the plaintiff relied upon, an alleged fiduciary or confidential relationship between the plaintiff and Sagona (*cf. Abramovitz v Kew Realty Equities*, 180 AD2d 568 [1992]; *Schaaf v Borsher*, 82 AD2d 880 [1981]), or that the plaintiff was unschooled in financial matters and relied to his detriment on Sagona's superior experience and knowledge (*cf. Pemper v Reifer*, 264 AD2d 625, 626 [1999]; *Angelo v Brenner*, 90 AD2d 131, 132-133 [1982]; *Hammond v Marrano*, 88 AD2d 758, 759-760 [1982]). Therefore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action alleging breach of contract. The defendants established their prima facie entitlement to judgment as a matter of law by showing that their oral or written promises to pay sums allegedly due under the usurious demand note lacked consideration, and, in opposition, the plaintiff failed to raise a triable issue of fact. Although "forbearance to do an act that a person has a legal right to do constitutes consideration" (*Halliwell v Gordon*, 61 AD3d 932, 933-934 [2009]), the plaintiff's alleged agreement to forbear from suing the defend-

ants is insufficient consideration since the plaintiff cannot sustain a claim against the defendants for failure to pay on a usurious loan. Further, the defendants established prima facie that their alleged promises to pay the plaintiff money which was owed to him by persons or entities other than the defendants were voluntarily made without consideration and unenforceable (*see Business Funding Corp. v Fox Print.*, 243 AD2d 397, 397-398 [1997]; *Loft Rest. Assoc. v McDonagh*, 209 AD2d 482, 483 [1994]; *Glahn v Clark*, 251 App Div 747 [1937]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the fourth and fifth causes of action alleging promissory fraud and fraud, respectively. "In order to establish a fraud claim in addition to a breach of contract claim, plaintiff must show misrepresentations that are misstatements of material fact or promises with a present, but undisclosed, intent not to perform, not merely promissory statements regarding future acts" (*Mora v RGB, Inc.*, 17 AD3d 849, 852 [2005]; *see generally Hense v Baxter*, 79 AD3d 814, 816 [2010]; *Fink v Citizens Mtge. Banking*, 148 AD2d 578 [1989]). The defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action sounding in fraud by submitting evidence that they did not make knowing misrepresentations or omissions of material fact but, at most, made promissory statements regarding future payment. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants intended to perform when the alleged promises were made. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.