■ FRED SCHUTZMAN COMPANY, Appellant, v PARK SLOPE ADVANCED MEDICAL, PLLC, et al., Respondents. [9 NYS3d 682]—

In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 10, 2013, which granted the motion of the defendants Park Slope Advanced Medical, PLLC, Varuzhan Dovlatyan, Rosemarie Phillip, and Robert Kent for summary judgment dismissing the complaint insofar as asserted against them, and, upon, in effect, searching the record, awarded summary judgment to the defendant William J. Coletto dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

Pursuant to a promissory note dated January 10, 2011, the plaintiff loaned the principal sum of $52,900, plus further additional sums, to the defendant Park Slope Advanced Medical, PLLC (hereinafter Park Slope). The loan was personally guaranteed by the individual defendants. Upon the defendants'

default in repaying the loan pursuant to its terms, the plaintiff commenced this action.

Park Slope, and the defendants Varuzhan Dovlatyan, Rosemarie Phillip, and Robert Kent (hereinafter together the moving defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The moving defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the subject promissory note imposed an annual interest rate in excess of 25%, and therefore was criminally usurious on its face (*see* Penal Law § 190.40; *Venables v Sagona*, 85 AD3d 904, 905 [2011]). The plaintiff concedes that the subject promissory note charged an annualized interest rate of 60%.

In opposition, the plaintiff failed to raise a triable issue of fact. Although a corporation or professional limited liability company (hereinafter PLLC), or an individual guarantor of such an entity's debt, may not assert the defense of civil usury (*see* General Obligations Law § 5-521 [1]; Limited Liability Company Law § 1104 [a]; *Schneider v Phelps*, 41 NY2d 238, 242 [1977]; *Pepin v Jani*, 101 AD3d 694, 695 [2012]; *Arbuzova v Skalet*, 92 AD3d 816, 816 [2012]), a corporation or PLLC, or a guarantor of such an entity's debt, may assert the defense of criminal usury (*see* General Obligations Law § 5-521 [3]; Limited Liability Company Law § 1104 [c]; Penal Law § 190.40; *Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc.*, 105 AD3d 178 [2013]; *Nikezic v Balaz*, 184 AD2d 684, 685 [1992]). Contrary to the plaintiff's contention, even though the defendants in this case would have been precluded from interposing the defense of usury if the note had not been criminally usurious, the note imposed an annual interest rate in excess of 16%, and since that rate was more than the rate prescribed in General Obligations Law § 5-501 (*see* Banking Law § 14-a [1]), the note was void, pursuant to General Obligations Law § 5-511. Contrary to the plaintiff's further contention, a clause in the subject promissory note purporting to reduce the rate of interest to a non-usurious rate if the rate originally imposed was found to be usurious could not save the note from being usurious (*see Simsbury Fund v New St. Louis Assoc.*, 204 AD2d 182 [1994]).

Accordingly, the Supreme Court properly granted the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Moreover, upon, in effect, searching the record, the Supreme Court properly awarded summary judgment to the defendant William J. Coletto dismissing the complaint insofar as asserted against

him. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.