In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), entered March 15, 2016, as denied her motion for summary judgment and granted that branch of the defendants’ cross motion which was for summary judgment dismissing the action on the ground that the loan was usurious.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 In November 2011, the plaintiff loaned the sum of $200,000 to “Raffeek.” The plaintiff and the defendant Raffeek Mohammed, individually, executed a promissory note whereby Mohammed promised to repay the plaintiff the principal sum of $200,000 with interest at the rate of 100% for the term of the loan, or 50% per annum, within two years. The note provided that, in the event of Mohammed’s “demise,” his company, the defendant Medina Petroleum Corporation (hereinafter Medina Petroleum), would “honor full payment of the loan.” After Mohammed failed to make payment on the note, his wife, the defendant Korisha Hosein, allegedly promised to make payments, but allegedly paid the sum of only $15,000 to the plaintiff.
 

 The plaintiff commenced this action, alleging that Mohammed, Medina Petroleum, and Hosein were liable under the note, by filing a motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In response to the motion, the defendants cross-moved, inter alia, for summary judgment dismissing the action on the ground that the loan was usurious. The Supreme Court denied the plaintiff’s motion, and granted that branch of the defendants’ cross motion which was for summary judgment dismissing the action on the ground that the loan was usurious. The plaintiff appeals.
 

 “To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note’s terms” (Lugli v Johnston, 78 AD3d 1133, 1135 [2010]; see Gullery v Imburgio, 74 AD3d 1022 [2010]). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting the promissory note coupled with her affidavit asserting that the defendants failed to pay the loan in accordance with the terms of the note (see Lugli v Johnston, 78 AD3d at 1135; Verela v Citrus Lake Dev., Inc., 53 AD3d 574, 575 [2008]). The burden then shifted to the defendants to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., “Rabo-bank Intl.” N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; Oak Rock Fin., LLC v Rodriguez, 148 AD3d 1036, 1039 [2017]).
 

 The defendants allege, inter aha, that the loan was usurious. General Obligations Law § 5-501 (2) provides that “[n]o person or corporation shall, directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the [maximum permissible interest rate].” In New York, the civil usury statute provides that “[t]he maximum interest rate permissible on a loan is 16% per annum, and any interest rate in excess of that amount is usurious” (O’Donovan v Galinski, 62 AD3d 769, 769 [2009]; see General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]). Criminal usury, which is the only usury defense that a corporation may assert. (see General Obligations Law § 5-521 [3]; Fred Schutzman Co. v Park Slope Advanced Med., PLLC, 128 AD3d 1007, 1008 [2015]; Tower Funding v Berry Realty, 302 AD2d 513, 514 [2003]), occurs when a person “knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum” (Penal Law § 190.40; see Venables v Sagona, 85 AD3d 904, 905 [2011]). “A usurious contract is void and relieves the borrower of the obligation to repay principal and interest thereon” (Venables v Sagona, 85 AD3d at 905; see General Obligations Law § 5-511; Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 740 [1992]; Abir v Malky, Inc., 59 AD3d 646, 649 [2009]). Indeed, where usury has occurred, “the borrower can simply keep the borrowed funds and walk away from the agreement” (Seidel v 18 E. 17th St. Owners, 79 NY2d at 740). This harsh penalty has resulted in a presumption against a finding of usury, such that a person seeking to establish usury in a transaction bears the heavy burden of proving it by clear and convincing evidence (see Freitas v Geddes Sav. & Loan Assn., 63 NY2d 254, 260-261 [1984]; Zhavoronkin v Koutmine, 52 AD3d 597, 598 [2008]; Hochman v LaRea, 14 AD3d 653, 654-655 [2005]).
 

 A borrower bears the burden of proving each element of usury by clear and convincing evidence, and usury “will not be presumed” (Freitas v Geddes Sav. & Loan Assn., 63 NY2d at 261). Here, the plaintiff admits that the interest on the loan was excessive, criminally so, at 50% per annum, or 100% over the two-year term of the loan. Further, where a loan agreement is usurious on its face, usurious intent will be implied and usury will be found as a matter of law (see O’Donovan v Galinski, 62 AD3d at 770; Fareri v Rain’s Intl., 187 AD2d 481, 482 [1992]). Thus, the defendants met their burden of establishing the elements of criminal usury. Moreover, there was no evidence of a “special relationship” between the parties (see Seidel v 18 E. 17th St. Owners, 79 NY2d at 743), and no evidence that the defendants set a rate they knew to be usurious for the purpose of avoiding repayment of the loan (see Russo v Carey, 271 AD2d 889, 890 [2000]). Accordingly, there is no triable issue of fact as to whether the defendants may be estopped from raising usury as a defense to the plaintiffs’ action. Because an action by a lender on a usurious loan is impermissible (see General Obligations Law § 5-511; Seidel v 18 E. 17th St. Owners, 79 NY2d at 740), the plaintiff’s motion was properly denied and that branch of the defendants’ cross motion which was for summary judgment dismissing the action on the ground that the loan was usurious was properly granted (see O’Donovan v Galinski, 62 AD3d at 769-770).
 

 Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.