Zanfini v Chandler (2021 NY Slip Op 04681)





Zanfini v Chandler


2021 NY Slip Op 04681


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-09518
 (Index No. 20464/08)

[*1]Ronald Zanfini, respondent, 
v
Garnette Shay Chandler, appellant, et al., defendants.


Law Office of James D. Reddy, P.C., Lindenhurst, NY, for appellant.
Long Tuminello, LLP, Bay Shore, NY (Nicole L. Bohler of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Garnette Shay Chandler appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 4, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against her on the ground of usury, and, in effect, for leave to amend her answer to assert a counterclaim to recover damages for violation of Banking Law § 6-l.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 25, 2006, the defendant Garnette Shay Chandler executed a balloon note (hereinafter the note) in favor of the plaintiff in the principal sum of $350,000, with a stated yearly interest rate of 12% and a maturity date of September 1, 2007. As security for the note, Chandler executed and delivered to the plaintiff a mortgage on certain residential real property located in Southampton. When Chandler allegedly failed to pay the outstanding principal due on the maturity date, the plaintiff commenced this foreclosure action. In her answer, Chandler raised the affirmative defense of usury. Chandler moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her on the ground of usury and, in effect, for leave to amend her answer to assert a counterclaim to recover damages for violation of Banking Law § 6-l. The Supreme Court, among other things, denied those branches of Chandler's motion, and Chandler appeals.
General Obligations Law § 5-501(2) provides that "[n]o person or corporation shall, directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the [maximum permissible interest rate]." In New York, the civil usury statute provides that "[t]he maximum interest rate permissible on a loan is 16% per annum, and any interest rate in excess of that amount is usurious" (O'Donovan v Galinski, 62 AD3d 769, 769; see General Obligations Law § 5-501[1]; Banking Law § 14-a[1]). "A usurious contract is void and relieves the borrower of the obligation to repay principal and interest thereon" (Venables v Sagona, 85 AD3d 904, 905; see General Obligations Law § 5-511; Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 740; Abir v Malky, Inc., 59 AD3d 646, 649). There is a strong presumption against a finding of usury, which must be established by clear and convincing evidence (see Zhavoronkin v Koutmine, 52 AD3d 597, 598; Freitas v Geddes Sav. & Loan Assn., 63 NY2d 254, 260-261). "Whether a transaction constitutes a cover for usury is a question of fact" (Abir v Malky, Inc., 59 AD3d at 649), and "[w]hen determining whether a transaction constitutes a usurious loan it must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit [*2]to give it" (id. [internal quotation marks omitted]).
Here, Chandler failed to establish, prima facie, that the loan was usurious. Chandler claimed that three charges, a $14,000 mortgage broker's commission, a title insurance charge of $7,212.50, and a $1,000 fee paid to her attorney at the closing, were a cover for usury. "[W]hether a commission is a cover for usury is a factual issue which must be demonstrated by clear and convincing evidence" (Rumbaut v Reinhart, 216 AD2d 551, 552). If itemized in writing to the borrower, reasonable fees, charges and costs for, among other things, title insurance and legal services are not considered interest on a loan secured by a one- or two-family owner-occupied residence (see 3 NYCRR § 4.2[a]; 4.3[b][4], [5]). Notably, "[a]n imprecise lending disclosure . . . constitutes a bona fide error of fact which is insufficient to establish the requisite usurious intent" (Freitas v Geddes Sav. & Loan Assn., 63 NY2d at 262-263 [citations omitted]). Under the circumstances of this case, Chandler failed to establish, as a matter of law, that the plaintiff entered into the transaction with the usurious intent necessary to support a finding of usury (see Exeter Holding v Starling Dev. Corp., 283 AD2d 547, 547). Accordingly, that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted against her was properly denied without regard to the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court providently exercised its discretion in denying that branch of Chandler's motion which was, in effect, for leave to amend her answer to assert a counterclaim to recover damages for violation of Banking Law § 6-l. "Leave to amend a pleading 'shall be freely given' (CPLR 3025[b]), provided that the amendment is not palpably insufficient as a matter of law, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (HSBC Bank v Picarelli, 110 AD3d 1031, 1031). Here, Chandler's proposed amendment was patently devoid of merit, as the loan in question was not a high-cost home loan as defined by Banking Law § 6-l.
The plaintiff's remaining contention is not properly before this Court.
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court