Adler v Marzario (2021 NY Slip Op 06977)





Adler v Marzario


2021 NY Slip Op 06977


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-03615
 (Index No. 613648/18)

[*1]Michael Adler, appellant, 
v
Joanne Marzario, et al., respondents, et al., defendants.


Richard A. Rosensweig, Esq., P.C., Staten Island, NY, for appellant.
Charles A. Termini, Oceanside, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered April 4, 2019. The order, insofar as appealed from, granted the cross motion of the defendants Joanne Marzario and Paul Marzario, in effect, for summary judgment dismissing the complaint insofar as asserted against them and deeming the mortgage void on the ground that the loan was usurious.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Joanne Marzario and Paul Marzario (hereinafter together the defendants), among others, to foreclose a mortgage on real property owned by Joanne Marzario. The mortgage was given as security for a note signed by the defendants, promising to repay the principal sum of $75,000, with interest at a rate of 20% per annum. In their answer to the complaint, the defendants asserted the defense of usury.
In response to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, the defendants cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them and deeming the mortgage void on the ground that the loan was usurious. In an order entered April 4, 2019, the Supreme Court, among other things, granted the cross motion, and the plaintiff appeals.
General Obligations Law § 5-501(2) prohibits any person from charging, taking, or receiving any money as interest on a loan at a rate exceeding the maximum permissible interest rate (see Roopchand v Mohammed, 154 AD3d 986, 988). Under the civil usury statute, the maximum permissible interest rate is 16% per annum (see General Obligations Law § 5-501[1]; Banking Law § 14-a[1]). "A usurious contract is void and relieves the borrower of the obligation to repay principal and interest thereon" (Roopchand v Mohammed, 154 AD3d at 988 [internal quotations marks omitted]; see General Obligations Law § 5-511; Abraham v American Gardens Co., 189 AD3d 741, 744).
Here, the loan agreement is usurious on its face, and thus the loan and mortgage are void on the ground of usury, as a matter of law (see Roopchand v Mohammed, 154 AD3d at 988-989; Oliveto Holdings, Inc. v Rattenni, 110 AD3D 969, 972). Contrary to the plaintiff's contention, his [*2]characterization of the loan as a business or investment loan, as opposed to a consumer loan, does not make it non-usurious (see Oliveto Holdings, Inc. v Rattenni, 110 AD3d at 971). Moreover, contrary to the plaintiff's further contention, "a clause in the subject promissory note purporting to reduce the rate of interest to a non-usurious rate if the rate originally imposed was found to be usurious could not save the note from being usurious" (Fred Schutzman Co. v Park Slope Advanced Med., PLLC, 128 AD3d 1007, 1008; see also Bakhash v Winston, 134 AD3d 468, 469; Simsbury Fund v New St. Louis Assoc., 204 AD2d 182).
Accordingly, the Supreme Court properly granted the defendants' cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them and deeming the mortgage void.
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court