Walter Boss, Inc. v Roncalli Frgt. Co., Inc. (2022 NY Slip Op 06830)

Walter Boss, Inc. v Roncalli Frgt. Co., Inc.

2022 NY Slip Op 06830

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-08692 
2019-11542
 (Index No. 20146/12)

[*1]Walter Boss, Inc., et al., appellants, 
v
Roncalli Freight Company, Inc., doing business as Coastline Freight, et al., respondents.

Marshall M. Stern, P.C., Huntington Station, NY (Judith Donnenfeld of counsel), for appellants.
Patricia Byrne Blair, Blue Point, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) a judgment of the Supreme Court, Suffolk County (James Hudson, J.), dated June 10, 2019, and (2) an order of the same court dated July 10, 2019. The judgment, insofar as appealed from, upon a decision of the same court dated November 8, 2018, made after a nonjury trial, is in favor of the plaintiffs and against the defendants in the principal sum of only $63,310.73, and is in favor of the defendant Roncalli Freight Company, Inc., doing business as Coastline Freight, and against the plaintiffs on the counterclaim in the principal sum of $214,038.46, plus monthly service charges and storage fees, and attorneys' fees. The order denied the plaintiffs' motion to vacate and resettle the judgment.
ORDERED that the judgment is reversed insofar as appealed from, on the law and the facts, the plaintiffs are awarded the principal sum of $69,310.73, the counterclaim is dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment in accordance herewith; and it is further,
ORDERED that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs, Walter Boss, Inc. (hereinafter WBI), a home improvement contractor, Pines Propane Corp. (hereinafter Pines Propane), a retail supplier of propane fuel and heating equipment, and Pines and Pools, Inc., a pool installation and maintenance corporation, are owned by Walter Boss. The defendants, Roncalli Freight Company, Inc., doing business as Coastline Freight (hereinafter Coastline), Pines Commercial Properties, LLC, Pines Operations, LLC, and Pines Acquisitions Holdings, LLC, are owned by Eric von Kuersteiner and Anthony Roncalli. Between 2004 and 2009, the plaintiffs provided labor and materials to some of the defendants, as well as to other various corporations owned by von Kuersteiner and Roncalli. WBI leased office space from an entity owned by von Kuersteiner and Roncalli. WBI and Pines Propane were [*2]customers of Coastline.
In May 2011, after having previously attempted to settle outstanding invoices and monies owed to the plaintiffs and outstanding rent owed by WBI, Boss and von Kuersteiner met again to discuss a settlement. According to the plaintiffs, it was agreed that the plaintiffs would forego their claims against the defendants in return for a freight shipping credit from Coastline in the amount of $140,000. According to the plaintiffs, this credit was proposed by von Kuersteiner in lieu of a cash payment. On May 2, 2011, Boss signed two form applications, one for Pines Propane and another for WBI, entitled "COASTLINE FREIGHT CREDIT APPLICATION AND AGREEMENT." However, the words "CREDIT APPLICATION AND AGREEMENT" were crossed out, and handwritten in the space reserved for credit card information were the letters "COD." The terms of the application required the payment of all freight charges upon invoicing and required the payment of attorneys' fees in the event of a default as well as a 2% monthly service charge on all past due balances. Between May 9, 2011, and June 2, 2012, Coastline accepted shipments for the plaintiffs and did not bill for service charges on alleged past due balances. On June 21, 2012, the plaintiffs received a revised proposed settlement agreement, which they did not accept. On July 3, 2012, Coastline stopped accepting shipments from the plaintiffs and informed them that no further items would be shipped until the accounts were brought current.
On July 5, 2012, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract. The plaintiffs alleged that the parties entered into an oral agreement in May 2011 to settle their financial disputes whereby the plaintiffs would be provided with a credit of $140,000 against services to be rendered by Coastline, that the defendants breached the agreement on July 3, 2012, by refusing to allow the plaintiffs to ship freight, and that at the time of the breach, there remained an unused credit of $69,310.73. The defendants' amended answer to the second amended complaint included a counterclaim by Coastline alleging breach of contract. At a nonjury trial, the defendants introduced into evidence two statements dated April 3, 2016, representing the allegedly unpaid balance due by WBI and Pines Propane to Coastline. As evidence of a written agreement, the defendants introduced into evidence the two form applications dated May 2, 2011, for Pines Propane and WBI, entitled "COASTLINE FREIGHT CREDIT APPLICATION AND AGREEMENT," with the words "CREDIT APPLICATION AND AGREEMENT" crossed out and the letters "COD" handwritten in the space reserved for credit card information. In addition to this documentary evidence, the defendants elicited testimony regarding an unpleaded claim by Coastline for an account stated.
In a decision dated November 8, 2018, the Supreme Court found that the plaintiffs established the existence of an oral agreement and the defendants' breach thereof. The court also found that Coastline established the existence of a written agreement, an implied-in-fact contract, and, alternatively, a claim for an account stated. A judgment dated June 10, 2019, was then issued upon the decision in favor of the plaintiffs and against the defendants in the principal sum of $63,310.73, and in favor of Coastline and against the plaintiffs in the principal sum of $214,038.46. In addition to principal damages awarded, the judgment awarded Coastline 2% service charges and storage fees, compounded monthly, and attorneys' fees. The judgment directed that the amount of damages awarded to the plaintiffs shall offset the amount of damages awarded to Coastline, such that Coastline was awarded damages in the total net sum of $947,375.22. The plaintiffs thereafter moved to vacate and resettle the judgment. In an order dated July 10, 2019, the court denied the plaintiffs' motion. The plaintiffs appeal from the judgment and the order dated July 10, 2019.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad of that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial judge had the advantage of seeing and hearing the witnesses" (Central Park Capital Group, LLC v Machin, 189 AD3d 984, 985; see BNG Props., LLC v Sanborn, 153 AD3d 1221, 1221-1222; A. Montilli Plumbing & Heating Corp. v Valentino, 90 AD3d 961, 961).
The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of the [*3]contract, and resulting damages (see Dee v Rakower, 112 AD3d 204, 208-209).
Here, the record establishes that Coastline was seeking to recover damages for alleged unpaid freight shipping charges incurred from May 2011 through July 3, 2012, with added monthly service charges. However, these charges were incurred during the same time period when the parties were operating under the oral agreement, pursuant to which, as the Supreme Court found, the plaintiffs had $140,000 of credit toward freight shipping services from Coastline, only approximately half of which had been exhausted prior to July 3, 2012, at which time Coastline refused to continue to provide shipping services to the plaintiffs. Consequently, the court's finding that Coastline was entitled to damages for charges incurred from May 2011 to July 2012 is inconsistent with the finding that the plaintiffs were entitled to a credit in the amount of $140,000 beginning May 2011, which they had yet to exhaust when the oral agreement was breached on July 3, 2012. As the plaintiffs argue, the same shipments could not be made pursuant to two different contractual arrangements.
Contrary to the Supreme Court's finding, Coastline failed to demonstrate that a written agreement was in effect during the time period at issue. The form applications introduced by the defendants and relied upon by the court to find a written agreement entitling Coastline to attorneys' fees and 2% monthly service charges on the alleged unpaid balance were not applicable, as the $140,000 credit due to the plaintiffs had not yet been exhausted.
Moreover, contrary to the Supreme Court's finding, the defendants failed to demonstrate that there was an implied-in-fact contract. As the plaintiffs were operating under the terms of the oral agreement, and their credit was not yet exhausted, it cannot be said that the shipping services provided by Coastline were rendered "with the understanding on both sides that there was a fee obligation" (Sivin-Tobin Assoc., LLC v Akin Gump Strauss Hauer & Feld LLP, 68 AD3d 616, 618 [emphasis and internal quotation marks omitted]).
Coastline also failed to demonstrate the existence of an account stated. An essential element of an account stated is that the parties came to an agreement with respect to the amount due (see Raytone Plumbing Specialities, Inc. v Sano Constr. Corp., 92 AD3d 855, 856). Here, the silence of the plaintiffs' principal during the period when the oral agreement was in effect up until the defendants' breach was reasonable under the particular circumstances (see Interman Indus. Prods. v R. S. M. Electron Power, 37 NY2d 151, 154), and the prompt commencement of this action following the defendants' breach served as a written objection to all demands for payment arising out of the same subject matter. Thus, contrary to the Supreme Court's finding, no agreement was reached as to the amount due (see Cameron Eng'g & Assoc., LLP v JMS Architect & Planner, P.C., 75 AD3d 488, 489; Aviation Constructors, Inc. v Baldassano Architectural Group, P.C., 57 AD3d 927, 928).
While the Supreme Court found that there was an enforceable oral agreement pursuant to which the plaintiffs were to receive a shipping freight credit in the amount of $140,000 with Coastline, and that at the time of the breach, the plaintiffs had only used $70,689.27 of the $140,000 credit, it mistakenly only awarded the plaintiffs damages in the principal sum of $63,310.73, plus interest from July 3, 2012, rather than $69,310.73, plus interest from July 3, 2012. Accordingly, we modify the judgment to correct this ministerial error.
The plaintiffs' remaining contentions, raised for the first time on appeal, either are not properly before this Court (see U.S. Bank Trust, N.A. v Casey, 204 AD3d 863) or need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court