Frost v Collateral Partners, LLC (2023 NY Slip Op 04193)

Frost v Collateral Partners, LLC

2023 NY Slip Op 04193

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-09399
 (Index No. 604289/20)

[*1]Craig Frost, appellant, 
v
Collateral Partners, LLC, etc., respondent. 

Law Office of Chad J. LaVeglia, PLLC, Hauppauge, NY, for appellant.
Devack & Chester PLLC, Jericho, NY (Christine A. Chester of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a loan agreement between the parties was usurious, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered December 1, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment declaring that the subject loan agreement was not usurious.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment declaring that the subject loan agreement was not usurious is denied.
In February 2018, the plaintiff obtained a loan from the defendant, a licensed collateral loan broker, in the gross sum of $186,000. The loan agreement was reduced to a writing in the form of a pawn ticket (hereinafter the ticket). The ticket provided, inter alia, that the defendant imposed two fees in the total sum of $5,300, which consisted of an insurance fee in the sum of $2,800 and an "Extra Care" fee in the sum of $2,500, resulting in a net payment to the plaintiff in the sum of $180,700. The ticket also provided that the monthly interest rate was 3.71% of the net amount of the loan, and that the plaintiff was required to make minimum monthly interest payments in the sum of $6,700, commencing in March 2018. In February 2020, the plaintiff defaulted on his loan payments.
In March 2020, the plaintiff commenced a proceeding, which was subsequently converted by the Supreme Court to an action, inter alia, for a judgment declaring that the loan agreement was usurious and void. In July 2020, the defendant moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint, which was subsequently converted, in part, to a motion [*2]for summary judgment declaring that the loan agreement was not usurious. In an order dated November 19, 2020, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment declaring that the loan agreement was not usurious. The plaintiff appeals.
"General Obligations Law § 5-501(2) prohibits any person from charging, taking, or receiving any money as interest on a loan at a rate exceeding the maximum permissible interest rate" (Adler v Marzario, 200 AD3d 829, 830). Pursuant to General Business Law § 46, "no collateral loan broker shall ask, demand or receive any greater rate of interest than four per centum per month." "'A usurious contract is void and relieves the borrower of the obligation to repay principal and interest thereon'" (Adler v Marzario, 200 AD3d at 830, quoting Roopchand v Mohammed, 154 AD3d 986, 988 [internal quotation marks omitted]). "To determine whether a transaction constitutes a usurious loan, it 'must be considered in its totality and judged by its real character, rather than by the name, color, or form which the parties have seen fit to give it'" (LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664, 665, quoting Abir v Malky, Inc., 59 AD3d 646, 649 [internal quotation marks omitted]).
Here, the defendant failed to establish, prima facie, that the loan agreement was not usurious (see Abir v Malky, Inc., 59 AD3d at 649). While the ticket submitted by the defendant showed that the defendant imposed an insurance fee in the sum of $2,800, the ticket also indicated that the plaintiff declined insurance coverage. Thus, the defendant failed to eliminate triable issues of fact as to whether the purported insurance fee was, in actuality, additional interest on the loan (see Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc., 105 AD3d 178, 182-183; Hicki v Choice Capital Corp., 264 AD2d 710, 711). Moreover, the defendant failed to eliminate triable issues of fact as to the duration of the loan agreement, as the ticket submitted by the defendant listed a "date due" in April 2018, which was approximately a month after the first interest payment was due. Thus, the mere fact that the ticket listed a monthly interest rate of 3.71% was insufficient to establish, prima facie, that the actual monthly interest rate did not exceed the maximum permissible interest rate of 4% per month (see General Business Law § 46).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment declaring that the loan agreement was not usurious, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court