Goldman Sachs Bank USA v Thorpe (2025 NY Slip Op 51112(U))

[*1]

Goldman Sachs Bank USA v Thorpe

2025 NY Slip Op 51112(U)

Decided on July 16, 2025

Civil Court Of The City Of New York, Queens County

Lane, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 16, 2025
Civil Court of the City of New York, Queens County

Goldman Sachs Bank USA, Plaintiff,

against
Michael Thorpe, Defendant.

Index No. CV-006358-22/QU

Plaintiff's Attorney: 
Zwicker & Associates, P.C.
1225 Franklin Avenue Suite 260
Garden City, New York 11530
(866) 348-9020
Defendant/Attorney:
Michael Thorpe, pro se

Peter F. Lane, J.

The following numbered papers were read on this motion by plaintiff for summary judgment on its action for breach of contract (CPLR 3212).
Papers Numbered
Notice of Motion, Affirmation, Exhibits, Service 1-4
Affirmation in Opposition, Exhibits, Service 5-6
Upon the foregoing papers it is ordered that this motion is determined as follows:
In this consumer credit action commenced in 2022, plaintiff Goldman Sachs Bank USA ("Goldman Sachs"), moves for summary judgment against defendant Michael T. for breach of contract, specifically a loan agreement, resulting in damages for the total of $9,647.06.
Summary judgment may only be granted where it has been clearly ascertained that no material issues of fact are presented (see Matter of Suffolk County Dept. of Social Services ex rel. Michael V. v James M., 83 NY2d 178, 182 [1994]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (see Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker, 42 NY3d 46, 57 [2024], quoting Alvarez v Prospect Hospital, 68 NY2d 320, 324 [1986]; Zuckerman v. City of New York, 49 NY2d 557 [1980]). If the moving party meets this burden, the burden then shifts to the party opposing the [*2]motion to establish the existence of material issues of fact which require a trial of the action (see St. Claire v Empire Gen. Contr. & Painting Corp., 33 AD3d 611 [2d Dept 2006], quoting Alvarez v Prospect Park Hosp., supra at 324; Zuckerman v City of New York, supra at 562).
In support of the motion, plaintiff provides counsel's affirmation; copies of the pleadings; a copy of the 2018 loan agreement; periodic statements showing the payment history and payment details; a charge-off statement showing the amount of principal paid; the amount of interest paid; and the total outstanding balance of $9,647.06 as of April 21, 2020. Also submitted is the affidavit of Jeffrey A., an employee of Goldman Sachs, attesting to the loan agreement, the defendant's default on payments pursuant to the agreement and the outstanding balance owed. Jeffrey A. further authenticates and attests to the accuracy of the business records submitted in support of the motion, as well as the break-down of the amount owed, and what is described in the periodic statements as principal and interest.
To make a prima facie showing of a cause of action for breach of contract, the plaintiff must show the existence of a contract, plaintiff's performance of its obligations, defendant's breach of the contractual obligations, and damages resulting from the breach (see Walter Boss, Inc. v Rocalli Frgt. Co., Inc., 210 AD3d 1124 [2d Dept 2022]; Dee v Rakower, 112 AD3d 204, 208-209 [2d Dept 2013]). Here, plaintiff's evidence establishes that it entered into a loan agreement with defendant in December 2018, that there was a default in payment, and that damages resulted from the breach of the terms of the loan agreement. Counsel's affirmation and memorandum, however, fail to discuss the affirmative defense of usury raised in opposition to the motion and in defendant's amended answer.
"Where the defense of usury is asserted in opposition to a motion for summary judgment, the party asserting the validity of a loan bears the burden of demonstrating, as a matter of law, that the transaction between the parties was not usurious" (see Case Cash Funding, LLC v. Gilberg, 55 Misc 3d 144(A) [App Term, 2nd, 11th and 13th Jud Dists 2017]; see also Abir v. Malky, Inc., 59 AD3d 646, 649 [2009]; Ujueta v. Euro—Quest Corp., 29 AD3d 895, 896 [2006]). Plaintiff, who did not reply to the opposition papers, relies upon the legal arguments of counsel, the affidavit of Jeffrey A., the loan agreement and other documentary evidence submitted in support of the motion. Notably, this is the same evidence relied upon by defendant in support of the argument that the loan agreement is usurious and void pursuant to General Obligations Law § 5-501, Banking Law § 14-a (1), and General Obligations Law § 5-511.
Initially, the court looks to the governing law and venue provision of the loan agreement to determine whether New York law regarding the limits of interest for usury applies. Paragraph 12 of the loan agreement provides as follows:
If you are a New York resident as of the Loan Agreement date, as evidenced by your address on the first page of this Agreement, this Agreement shall be governed by and construed in accordance with federal law and the laws of the State of New York, including New York law relating to limits on interest (for example, usury), without regard to rules concerning conflicts of law or choice of law . . .
Defendant's address, which is listed on the first page of the loan agreement, identifies him as a New York resident and, thus, New York law relating to the limits on interest for usury applies to this loan agreement.
Turning to New York law, General Obligations Law § 5-501 (1) provides for the maximum rate of interest applied on a loan or forbearance, however, the rate set therein only applies "unless a different rate is prescribed in section fourteen-a of the banking law" (id.). [*3]Banking Law § 14-a (1), applicable herein to Goldman Sachs Bank USA who alleges it is a New York State chartered bank, provides that:
The maximum rate of interest provided for in section 5-501 of the General Obligations Law shall be sixteen per centum per annum (id.)
General Obligations Law § 5-501(2) forbids usury and provides that no person or corporation shall "directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the above rate above prescribed" which, in this case, is 16% (Banking Law § 14-a [1]; see Adler v Marzario, 200 AD3d 829, 830 [2d Dept 2021]).
Here, the Federal Truth and Lending Disclosure on the cover page of the loan agreement describes the annual percentage rate ("APR") of the loan as being 23.99%, and provides for the number of payments, due dates of payments and the amount of each payment. The loan agreement, however, clarifies the definition of the APR, and provides that it is the interest rate on the principal. Section 1 (a) of the agreement expressly states that interest accrues daily on the outstanding principal balance at an "annual interest rate of 23.99%." Statements rendered to defendant confirm this and state the "interest rate" is 23.99%. The interest rate applied to the loan clearly and unambiguously exceeds the New York civil usury cap of 16% (General Obligations Law § 5-501 [1]; Banking Law § 14-a [1]). Therefore, the Court finds the loan agreement is usurious on its face and, thus, plaintiff fails to sustain its burden of proving that the loan agreement between the parties was not usurious.
Accordingly, plaintiff's motion for summary judgment is denied.
If it shall appear that any party other than the moving party is entitled to summary judgment, "the court may grant such judgment without the necessity of a cross-motion" (CPLR 3212 [b]).
It is indisputable that the 23.99% interest rate imposed by the loan agreement is usurious as a matter of law. "A usurious contract is void and relieves the borrower of the obligation to repay principal and interest thereon" (General Obligations Law § 5-511 [2]; see Abraham v American Gardens Co., 189 AD3d 741, 744 [2d Dept 2020]; Roopchand v Mohammed, 154 AD3d 986, 988 [2d Dept 2017], quoting Venables v Sagona, 85 AD3d 904, 905 [2d Dept 2011]). Further, to the extent that other clauses in the agreement purport to reduce interest rate charges in the event they are impermissible by law agreement (see paragraphs 8 and 12), such clauses cannot save the agreement from being usurious (see Adler, 200 AD3d at 830; Fred Schutzman Co. v Park Slope Advanced Med., PLLC, 128 AD3d 1007, 1008 [2d Dept 2015]). More poignantly, such a reduction was never implemented as each of the periodic statements and the charge-off statement explicitly compute the balance by describing the interest rate as follows: "Interest Rate: 23.99%." The Court finds that the clear and convincing evidence establishes that the 2018 loan agreement is usurious and, therefore, void (General Obligations Law § 5-511 [2]; see Roopchand, 154 AD3d at 988, quoting Venables, 85 AD3d at 905).
Accordingly, reverse summary judgment is granted in favor of the defendant and the plaintiff's complaint is dismissed.
This is the Decision and Order of the Court. 
Date: July 16, 2025
Hon. Peter F. Lane, JCC